McLEAN v McLEAN

Docket No. 134340. Submitted June 25, 1992, at Lansing. Decided November 17, 1992, at 9:10 A.M.

Russell N. McLean and Leslie A. McLean, now Leslie A. Orr, were divorced in the Presque Isle Circuit Court, Robert R. Ferguson, J. McLean was awarded physical custody of the parties' two minor children, although Orr was granted custody during the children's summer vacation. The order did not require McLean to pay child support during the children's summer visitation with Orr. The friend of the court thereafter petitioned for an order requiring McLean to pay child support for the children during their summer vacation with their mother. After the friend of the court presented evidence that Orr received Aid to Dependent Children benefits for the children during their summer vacation, the court issued an order requiring McLean to pay child support during that period. McLean appealed.

The Court of Appeals *held:*

The friend of the court properly petitioned the court for modification of the judgment under MCL 552.517; MSA 25.176(17). The statute requires the friend of the court to petition for a modification of the amount of child support if it has been determined that financial conditions have changed for either party and that a modification is necessary. The application for or receipt of any form of public assistance is a change in financial condition under the circumstances of this case that required the friend of the court to file the petition. The trial court did not err in modifying the child support order.

Affirmed.

*Jeffery T. Lyon,* for the plaintiff.

Amicus Curiae:

*Roland C. Fancher,* Friend of the Court for the 26th Judicial Circuit.

Before: HOLBROOK, JR., P.J., and WEAVER and McDONALD, JJ.

WEAVER, J. Plaintiff, Russell McLean, appeals as of right from an order requiring him to pay child support for his two minor children during their summer visitation with their mother, defendant Leslie McLean, now Leslie Orr. Orr did not participate in the hearing regarding the friend of the court's petition for modification of child support and is not an active party to this appeal.

When the parties were divorced, McLean was awarded physical custody of their minor children, although Orr was granted custody during the summer vacation. Orr was ordered to pay weekly child support of $7.50 a child, which was abated whenever she had the children with her for seven days or more in succession. The judgment was silent regarding any obligation of McLean to pay child support during the children's summer visitation with Orr.

The friend of the court filed a petition to establish support, alleging that Orr was receiving Aid to Dependent Children (ADC) benefits and averring that Orr would add the parties' two minor children to her ADC grant while they were in her care for the summer. The petition requested that McLean be ordered to pay support during times when Orr was receiving ADC for the minor children.

Following the hearing, at which the friend of the court demonstrated that Orr did receive ADC benefits for the children over the summer, the court issued an order modifying the child support to provide that during the children's extended summer visitation with Orr, McLean was required to pay support of $164 a week for two children or $107 a week for one child, or the amount of ADC benefits, whichever was less.

McLean appeals, arguing the court erred in

modifying the child support order when the divorce judgment makes no provision for such payments and there has been no change in circumstances since the inception of the divorce.

McLean relies upon MCL 552.17(1); MSA 25.97(1). However, that statute governs the trial court's alteration of a divorce decree pursuant to the petition of either of the parents. Here, the friend of the court brought the petition, properly proceeding under MCL 552.517; MSA 25.176(17), which provides, in pertinent part:

(1) After a final judgment containing a child support order has been entered in a domestic relations matter, the [friend of the court's] office shall examine the records and conduct any other investigation considered necessary to determine whether the child support amount should be increased or decreased in view of a temporary or permanent change in physical custody of the child which the court has not ordered, increased need of the child, or changed financial conditions, as follows:

(a) If a child is being supported in whole or in part by public assistance, not less than once each 2 years.

(b) At the initiative of the office, if there are reasonable grounds to believe that the amount of child support awarded in the judgment should be modified.

* * *

(4) The office shall petition the court for modification of the amount of a child support order if modification is determined to be necessary under subsection (1). A written report and recommendation shall accompany the petition.

(5) As used in this section, "changed financial conditions" means increases or decreases in the resources available to either party from any source. Changed financial conditions includes, but is not limited to, the application for or receipt of

any form of public assistance, unemployment compensation, and worker's compensation.

The friend of the court properly petitioned the court for modification under this statute. We find no error.

Affirmed.